**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ROY RAMSEZ RAMIREZ,<br><br>　　　　　　　　Defendant. | Case No. 17-cr-04500-BAS<br><br>**ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE (ECF Nos. 59, 72)** |

On June 10, 2019, this Court sentenced Defendant to 120 months in custody following his conviction for importation of methamphetamine. (ECF No. 57.) Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for compassionate release. (ECF No. 59 ("Motion").) After counsel was appointed, a Supplemental Motion for Release was also filed. (ECF No. 72 ("Supplemental Motion").) The Government opposes (ECF No. 73 ("Opposition")), and Defendant replies (ECF No. 74). For the reasons stated below, the Court **DENIES** the Motions.

**I.　BACKGROUND**

Defendant imported 36.34 kilograms of methamphetamine into the United States from Mexico. (Presentence Report, ECF No. 28 ("PSR") ¶¶ 3–14.) At the time of his arrest, on his cell phone, agents found photographs of large amounts of cash and a photo of Defendant with two pistols and magazines and bullets in his hand. (*Id.*)

- 1 -

Defendant has an extensive criminal record that renders him a "career offender." (PSR ¶¶ 34–39.) He has misdemeanor convictions for infliction of corporal injury on a spouse and burglary; two felony drug offenses, one of which resulted in a sentence of 32 months in custody; a residential burglary; and a felony vehicle theft conviction. (*Id.*) His criminal history category, even if he had not been a career offender, was VI. (*Id.*)

Defendant has an extensive drug abuse history. (PSR ¶¶ 58–61.) He is a heavy methamphetamine user, uses heroin once a month, and regularly uses cocaine and marijuana. (*Id.*) He was unsuccessful at completing a Proposition 36 drug treatment program in state court, and state court arrest warrants were pending against him at the time he was sentenced in this case.[1] (PSR ¶¶ 34–39.) Thus, the Court recommended that he be accepted into the Bureau of Prisons ("BOP")'s intensive drug treatment RDAP program. Defendant provides no evidence that he has yet entered or completed this program.[2]

At sentencing, the Court found Defendant's base offense level was 38, a role adjustment was not appropriate, two points should be added because he imported methamphetamine, three points should be deducted for acceptance of responsibility, and four points should be deducted under the Government's fast track program. (ECF No. 71 ("Sentencing Transcript"), pg. 11:19–25.) Thus, Defendant's guideline range was 235 to 293 months. (*Id.*, pg. 12:1.) Despite Defendant's lengthy criminal record, the Court found a downward variance was appropriate, since none of Defendant's past criminal convictions involved violence, and found a 120-month sentence was sufficient but not greater than necessary considering all of the § 3553(a) factors. (*Id.*, pg. 12:2–9.)

Defendant now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for two reasons: (1) he is needed to care for his ailing father; and (2) *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021), was decided after he was

---

[1] These warrants may have been terminated following Defendant's sentence of ten years in custody in this case.

[2] Defendant presents certificates that he has completed numerous self-study courses while in custody including "relapse prevention" and "methamphetamine." (Supplemental Motion, Exh. B.)

sentenced and would have entitled him to safety valve relief under the First Step Act. (Motion, Supplement Motion.)

Records show Defendant has exhausted his administrative remedies by applying for compassionate release from the Warden at FCI Victorville, where he is being housed, without response. (Motion, Exhibit A.) More than 30 days have elapsed since this request was made. *See* 18 U.S.C. § 3582(c)(1)(A)(i) (providing the court may consider a defendant's motion for compassionate release if he requests release from the warden of his facility and receives no response within 30 days).

## II.   ANALYSIS

Once a defendant exhausts his administrative remedies, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

Unfortunately, Congress provided no statutory definition of "extraordinary and compelling reasons" and instead delegated that responsibility to the U.S. Sentencing Commission. *See United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021). Due to vacancies in the Sentencing Commission, the Commission has been unable to update its definition of "extraordinary and compelling reasons" following passage of the First Step Act that amended § 3582(c)(1)(A). *Id.* Nonetheless, the Sentencing Commission's original policy statements, although not binding, may inform the district court's decision as to whether certain conditions are extraordinary and compelling. *Id.*

In the Application Notes, the Sentencing Commission gives examples of extraordinary and compelling reasons including: (A) medical condition of the defendant; (B) advanced age of the defendant experiencing "serious deterioration of physical or mental health"; (C) family circumstances including death or incapacitation of the

defendant's spouse or caregiver of defendant's minor child; or (D) an extraordinary and compelling reason "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13(1)(A)(ii), Application Note 1(A)(ii). Notably absent is any reference to care of a parent or mistake of law at the time of sentencing.

The Court agrees that, post-*Aruda*, "district courts are empowered to consider any extraordinary and compelling reason for release . . . even if not enumerated by the Sentencing Commission's statements." *United States v. Wright*, No. 19-cr-4286-GPC, 2022 WL 673265, at *3 (S.D. Cal. Mar. 7, 2022). "The Court may therefore consider Section 1B1.13 in its broad exercise of discretion, but it is not bound by its definition of extraordinary and compelling reasons." *Id.*

### A. Eligibility for Safety Valve

Defendant argues that one "extraordinary and compelling" reason for granting release in this case is that *Lopez* was decided after he was sentenced, and post-*Lopez*, he would have been entitled to safety valve relief. Although the Court has some concerns about boot-strapping a correction of sentence request onto the compassionate release standard, the Court need not reach the issue of whether this is a sufficient "extraordinary and compelling" reason for relief, because, in this case, even with safety valve relief, the Court would have sentenced Defendant to 120 months in custody.

Had he been eligible for safety valve relief, Defendant's guideline range would have decreased to 188–235 months. In that case, the Court would still have found that the § 3553(a) factors warranted a sentence of 120 months. As the Court noted at the time of sentencing, Defendant's criminal history is "atrocious." (Sentencing Transcript, pg. 12:3.) At some point, the Court needs to be mindful of protection of the public. Given Defendant's lengthy drug addiction and his repeated criminal offenses, the Court found that a 120-month sentence was the appropriate sentence in this case. The minimum mandatory sentence had no impact on the Court's ultimate determination that the ultimate sentence, which was the result of a downward variance, was appropriately 120 months.

Since safety valve treatment would not have impacted the Court's ultimate sentence, this factor does not support compassionate release.

### B.     Ailing Father

The Court is sympathetic that Defendant's father is quite ill and his sister is overwhelmed caring for him.  The Court has some question whether Defendant, with his drug abuse issues and criminal record, would be the best caretaker.  However, ultimately, the Court finds that the § 3553(a) factors militate against release even if Defendant's father's illness is sufficient to establish "extraordinary and compelling reasons." Defendant's conduct was serious, and he has a lengthy criminal record.  Releasing him now would be insufficient for deterrence, the need for just punishment and to avoid unwarranted disparities.  Therefore, the Court further finds the § 3553(a) factors militate against compassionate release.

### III.   CONCLUSION

Defendant's Motions to reduce his sentence pursuant to 19 U.S.C. § 3582(c)(1)(A)(i) (ECF Nos. 59, 72) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 2, 2022**

Hon. Cynthia Bashant
United States District Judge